UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

UNITED STATES OF AMERICA,
             Appellee,

       v.

                                    Docket No. 20-0033

EFRAIN LORA
             Appellant.

### APPELLANT'S REPLY TO GOVERNMENT'S RESPONSE TO HIS MOTION FOR REMAND PURSUANT TO 28 U.S.C. §2106

NOW COMES, Appellant Efrain Lora, by and through undersigned counsel, and hereby submits his reply to the government's response to his motion for a remand. In his motion, Appellant asked this Court to remand the matter to the district court so that the record on appeal could be supplemented with evidence that, as the proponent of out-of-court statements, the government withheld relevant information from the court related directly to the reliability of the hearsay declarant.

In its response, the government erroneously suggests that Appellant's motion is based on the "premise … that the Government somehow fell short of a disclosure obligation that it had with respect to [the hearsay declarant's] proffer statements." Affirmation of Max Nicholas, Doc. 58, ¶ 12. Because the proffer statements were disclosed to the defense before trial, the government argues that

1

the real target of Appellant's motion may be trial counsel's "failure to make use of information that was disclosed prior to trial in order to impeach the [the hearsay declarant, Luis] Lopez Statements or seek their exclusion." Affirmation of Max Nicholas, Doc. 58, ¶ 12.

While trial counsel could have called the trial court's attention to Lopez's lack of credibility as evidenced by the proffer session notes or used those notes to impeach Lopez's credibility pursuant to Fed.R.Evid. 806, Appellant's motion for remand is neither premised nor focused on trial counsel's conduct of the defense.[1]

Instead, the issue is whether the matter should be remanded to supplement the record with evidence demonstrating that the government did not fulfill its obligation as the proponent of critical evidence[2] to inform the court that Luis Lopez was an admitted liar who was unable to tell the same story twice during his proffer sessions.

---

[1] Trial counsel's failure to call the court's attention to Lopez's disastrous proffer sessions did not relieve the government of its duty to inform the court that Lopez was not reliable, especially here, where the prosecution all but vouched for Lopez's credibility, all the while knowing that he could not be trusted to tell the truth.

[2] In their closing arguments, the prosecutors repeatedly referred to the statements attributed to Luis Lopez by co-operating co-defendant Dery Caban to prove that Appellant had a motive for participating in Andrew Balcarran's murder. *See* T. 369, 373, 377, 382-383, 387, 447.

The failure of the government to respond in any meaningful way to the central issue raised in Appellant's motion is an implicit concession that its failure to fully inform the court was, in fact, inexcusable. As the proponent of Lopez's hearsay statements, the prosecutors had an ethical obligation to believe that those statements were admissible under Rule 804(b)(3).[3] *See United States v. Paulino*, 445 F.3d 211, 220 (2d Cir. 2006) (under these traditional exceptions, the proponent of the hearsay has the burden to prove its trustworthiness).

Based on its motion *in limine* in which the prosecutors asserted that Lopez's statements were reliable and thus admissible, the government seems to have understood its ethical obligation to seek only the admission of reliable hearsay at trial. *See Ex. 2, p. 18-19*. This motion, however, only addressed the second part of the two-part test for the admission of statements against interest, i.e., whether (1) the declarant is trustworthy; and, (2) the statement is trustworthy. *United States v. Bahadar*, 954 F.2d 821, 829 (2d Cir. 1992). Likewise, at trial, when the court was considering the admissibility of the statements under 804(b)(3), the prosecutor only argued that the statements were trustworthy and did not address whether Lopez, as the hearsay declarant, was himself trustworthy.

If the government had voluntarily addressed Lopez's trustworthiness in its pleadings or during trial, the prosecutors would have been compelled to disclose

---

[3] *See* Affirmation of Max Nicholas, Doc. 58, ¶ 5.

what happened during his proffer interviews. And, if there was a good faith basis for not disclosing Lopez's demonstrated lack of credibility when the trial court specifically referred to the two-part test articulated by this Court in *United States v. Bahadar*, one might expect that the prosecutor would have mentioned it in his Affirmation.

In its response to Appellant's motion for a remand, the government had an opportunity to explain why it failed to inform the trial court that Lopez was not trustworthy. Instead, it chose misdirection over candor. In that sense, the government's response to Appellant's motion provides further proof why this Court should grant Appellant's request to remand the matter to supplement the record. *United States v. Torres*, 719 F.2d 549 (2d Cir. 1983).

DATED at Burlington, Vermont, this 7th day of August, 2020.

EFRAIN LORA

By: /s/David J. Williams
David J. Williams, Esq.
Jarvis, McArthur & Williams
P.O. Box 902
Burlington, VT 05402
(802) 658-9411
(802) 658-3551 (Fax)
dwilliams@jarvismcarthur.com

4